**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CITIZENS INSURANCE CO.
OF THE MIDWEST,

        Plaintiff,        CASE NO. 17-12340
                             HON. DENISE PAGE HOOD

v.

CATHERINE BENDER,
NANCY FERRIER,
AND DANIEL FERRIER,

        Defendants.
_____/

## ORDER REGARDING MOTIONS FOR DEFAULT JUDGMENT AS TO DEFENDANTS NANCY FERRIER [#14] AND CATHERINE BENDER [#15;#21]

On December 20, 2017, the Court held a hearing on Plaintiff Citizens Insurance Company of the Midwest's Motion for Default Judgment against Defendant Nancy Ferrier (Doc # 14) and Plaintiff's Motion for Default Judgment against Defendant Catherine Bender (Doc # 15; Doc # 21). The Court will allow both Defendant Nancy Ferrier and Defendant Catherine Bender to respond to the Motions for Default Judgment against them respectively.

An Entry of Default under Rule 55 of the Federal Rules of Civil Procedure is the first procedural step necessary to obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When

1

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may be entered by the Clerk when the plaintiff's claim is for a sum certain or a sum which can be made certain, and the defendant is not an infant or an incompetent person. Fed. R. Civ. P. 55(b)(1). The court may conduct an accounting, determine amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Pursuant to Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause" or under Rule 60(b). In determining whether to set aside the default, the Court must consider (1) whether plaintiff will be prejudiced, (2) whether defendant has a meritorious defense, and (3) whether defendant's culpable conduct led to the default. *United States v. Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).

For the reasons stated on the record,

IT IS ORDERED that Plaintiff Citizens Insurance Company of the Midwest's Motion for Default Judgment against Defendant Nancy Ferrier (Doc # 14) is HELD IN ABEYANCE, and Plaintiff's Motions for Default Judgment against Defendant Catherine Bender (Doc # 15; Doc # 21) are HELD IN ABEYANCE.

IT IS FURTHER ORDERED that Defendants Nancy Ferrier and Catherine Bender are each required to file a response to the Motions for Default Judgment by January 26, 2018.

IT IS FURTHER ORDERED that the hearing regarding the Motions for Default Judgment (Doc # 14; Doc # 15; Doc # 21) is RESCHEDULED to Wednesday, January 31, 2018 at 2:00 p.m.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager